UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NANSYVONG SOMSANITH,

        Plaintiff,

   v.

BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 through 50, inclusive,

        Defendants.
_____/

NO. CIV. S-09-1791 WBS

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

       Plaintiff Nansyvong Somsanith filed this action against Bank of America, N.A ("Bank of America") and Mortgage Electronic Registration Systems, Inc. ("MERS") alleging various state claims relating to loans s/he[1] obtained to refinance her home in Davis,

---

[1] The sex of Nansyvong Somsanith is unclear in plaintiff's pleadings, as plaintiff's first amended complaint uses both the masculine and feminine pronouns when describing the plaintiff. The court will proceed by referring to the plaintiff in the feminine.

1

California.  Having removed this action to federal court, Bank of America now moves to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff Somsanith did not oppose the motion.  Nor did plaintiff file a statement of non-opposition pursuant to Civil Local Rule 78-230(c). Therefore, the hearing date of November 9, 2009 was vacated pursuant to Civil Local Rule 78-230(c), and the court took defendant's motion to dismiss under submission without oral argument.

To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

As a whole, plaintiff's complaint lacks even basic facts regarding plaintiff's loans, such as when she took out her mortgages or who her mortgage broker was.  While plaintiff alleges a conspiracy existed between Bank of America and MERS to direct her mortgage broker to make misrepresentations to her, she fails to allege facts that would support finding any connection

2

between her unnamed mortgage broker and either of the defendants here.  Because the alleged misrepresentations of plaintiff's unnamed, non-party mortgage broker form the core of plaintiff's claims in this action, plaintiff's failure to allege any connection between the broker and Bank of America proves fatal to her complaint.  Nevertheless, the court will address each of plaintiff's causes of action in turn.

       A.    <u>California Financial Code Section 4973 et seq.</u>

           Plaintiff alleges that Bank of America engaged in predatory lending in violation of California Financial Code section 4973.  (FAC 17.)  Section 4973 prohibits specific acts in connection with "covered loans."  A "Covered loan" is:

> A consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970(b) (West 2008).  The most current conforming loan limit for a single family mortgage loan established by the Federal National Mortgage Association is

3

$417,000.00.[2]  The current conforming loan limit for a high-balance single family mortgage loan in Yolo County is $474,950.00.[3]  Plaintiff alleges that the principal of her loan is $448,000.00, (FAC ¶ 39), but does not allege either that the annual percentage rate at consummation of the transaction exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by the consumer at or before closing exceeded six percent of the total loan amount.  Plaintiff merely reincorporates the allegations in her complaint without specifying which defendant allegedly engaged in predatory lending or providing any facts to support such a claim.

B.   Fraud

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  The plaintiffs must include the "who, what, when, where, and how"

---

[2] See Fannie Mae, About Fannie Mae: Loan Limits, available at: http://fanniemae.com/aboutfm/loanlimits/jhtml (last visited November 4, 2009).

[3] Fannie Mae, Loan Limit Look-Up Table, available at: https://www.efanniemae.com/sf/refmaterials/loanlimits/jumboconf/xls/loanlimref.xls (last visited November 4, 2009).

4

of the fraud.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud."  <u>Ricon v. Reconstrust Co.</u>, No. 09cv937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting <u>DiVittorio v. Equidyne Extractive Indus.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987)).

　　　　　Plaintiff alleges that Bank of America directed her mortgage broker to make false and misleading statements to her to obtain a deed of trust.  (FAC ¶ 50.)  This oft-repeated, yet bare assertion is a mere "label and conclusion" which "stops short of the line between possibility and plausibility" required of Federal Rule of Civil Procedure 8, as plaintiff has not alleged any facts whatsoever to support it.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556-57).  It also clearly falls short of the heightened pleading standard of Rule 9(b), as these allegations fail to identify plaintiff's mortgage broker and when and where the statements were allegedly made.

　　　　　Furthermore, plaintiff alleges that Bank of America and MERS were engaged in a conspiracy to withhold information about plaintiff's loan terms from her.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  <u>Id.</u> at 1949. Plaintiff fails to allege any facts that would support a finding

5

that MERS and Bank of America were engaged in a conspiracy to defraud plaintiff.  Neither has plaintiff alleged any facts that support her allegations that defendants kept key loan information from her; indeed, plaintiff provides almost no information at all about the terms and conditions of her loan or other loan documents.  Absent any supporting facts, plaintiff's allegations are nothing more than bare assertions which clearly fail to meet the requirements of Rule 8 and the heightened pleading requirements of Rule 9(b).

        C.    <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Bank of America seeks dismissal of plaintiff's fourth cause of action for breach of implied covenant of good faith and fair dealing on the grounds that this claim avers only a contractual violation and is therefore duplicative of plaintiff's ninth cause of action for breach of loan contracts.  (Mot. to Dismiss 8.)  "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties." <u>Smith v. City & County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990). "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." <u>Fortaleza v. PNC Fin. Servs. Group, Inc.</u>, 2009 U.S. Dist. LEXIS 64624, at **15-16 (N.D. Cal. July 27, 2009).  However, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the

same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." <u>Careau & Co. v. Sec'y Pac. Bus. Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1395 (1990). Plaintiff's fourth cause of action alleges the same conduct alleged in plaintiff's ninth cause of action for breach of contract.  Like plaintiff's breach of contract claim, plaintiff's breach of implied covenant claim seeks damages for her mortgage payments that were inappropriately applied to interest. Plaintiff's request for attorney's fees and costs is likewise already made in plaintiff's fifth cause of action for conversion and sixth cause of action for breach of fiduciary duty. Plaintiff does not allege any facts or request any relief not already present in her complaint.  Plaintiff's claim for breach of the implied covenant, therefore, is superfluous.

Additionally, plaintiff's general allegations against "Defendants" fail to allege that defendants did "anything which [would] have the effect of destroying or injuring the right of [Plaintiff] to receive the fruits of [a] contract [into which Plaintiff entered with Defendants]." <u>Waller v. Truck Ins. Exchange, Inc.</u>, 11 Cal.4th 1, 36 (1995).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." <u>Pasadena Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089, 1093-1094 (2004). Plaintiff offers only bare assertions that her loan amount was improperly inflated and her home over-valued at the time she took out the mortgages on her home.  The only fact that

7

plaintiff offers in support of this assertion is that her home today is worth $450,000.00.  These assertions form the basis of plaintiff's allegation that the defendants conspired and misapplied the "excess" in plaintiff's mortgage payments to interest rather than to principal in violation of her loan contract. Plaintiff further alleges that defendants breached the implied covenant by refusing to refinance her loan and charging monthly payments that plaintiff could not afford.  Plaintiff fails to explain what contractual agreement is the basis for this cause of action, merely asserting that her "loan contracts" imposed duties on Bank of America and other defendants.  If plaintiff is referring to her Deed of Trust or other written agreement, she must allege facts showing that Bank of America was a party to it and that she was denied the benefit of the contract.

       D.   <u>Conversion</u>

       Defendants also seek dismissal of plaintiff's conversion claim. "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein," which includes assuming "control or ownership over the property," or applying the property to one's own use. <u>Messerall v. Fulwider</u>, 199 Cal. App. 3d 1324, 1329 (1988) (citing <u>Igauye v. Howard</u>, 114 Cal. App. 2d 122, 126 (1952)). The basic elements of a conversion claim are (1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages. <u>Fremont Indemnity Co. v. Fremont Gen. Corp.</u>, 148 Cal. App. 4th 97, 119 (2007) (citing <u>Burlesci v.</u>

8

1  Petersen, 68 Cal. App. 4th 1062, 1066 (1998)). Legal title to
2  property is not necessary for an action for damages in
3  conversion; a plaintiff must only show that she was "entitled to
4  immediate possession at the time of conversion."  Messerall v.
5  Fulwider, 199 Cal. App. 3d 1324, 1329 (1988) (citing Bastanchury
6  v. Times-Mirror Co., 68 Cal. App. 2d 217, 236 (1945)).
7         As a preliminary matter, plaintiff's conversion claim
8  fails because plaintiff generally alleges her conversion claim
9  against all "defendants" without identifying which defendants
10 allegedly improperly converted plaintiff's mortgage payments to
11 interest.  As such, plaintiff fails to put Bank of America on
12 notice of the claim or claims being asserted against it.
13 Furthermore, plaintiff's conversion allegations fail to allege
14 facts that make it plausible that Bank of America exercised
15 dominion over plaintiff's personal property in manner that was
16 inconsistent with plaintiff's rights at the time. Plaintiff's
17 claim is premised on a fraudulently obtained loan by defendants.
18 However, as discussed above, plaintiff has not adequately alleged
19 any causes of action sounding in fraud. While plaintiff does
20 allege that Bank of America "set an unjustly high monthly payment
21 by artificially inflating the value of the property to
22 fraudulently justify a larger mortgage,"  (FAC ¶ 63), this
23 allegation does not constitute an exercise of dominion by Bank of
24 America over plaintiff's property.  Vague allegations that are
25 unsupported by facts are mere "labels and conclusions"
26 insufficient to withstand a motion to dismiss.  See Twombly, 127
27 S. Ct. at 1964-65.
28      E.   Breach of Fiduciary Duty

9

Bank of America moves to dismiss plaintiff's sixth cause of action for breach of fiduciary duty. Plaintiff alleges that "defendants" were part of a conspiracy to direct her mortgage broker to make the false and misleading statements that form the basis of her complaint. Because plaintiff's mortgage broker owes plaintiff a fiduciary duty, plaintiff alleges that defendants, including Bank of America, can be liable for conspiring to breach the broker's fiduciary duty to plaintiff. (FAC ¶ 69.) "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008).

While plaintiff correctly points out that mortgage brokers in California owe a fiduciary duty to their clients, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006) (absent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender). A commercial lender is entitled to pursue its own economic interests in a loan transaction. Nymark, 231 Cal. App. 3d at 1093 n. 1 (citing Kruse v. Bank of America, 202 Cal. App. 3d 38, 67 (1988)).

10

1            As previously discussed, plaintiff's allegations of a
2   conspiracy between defendants and with plaintiff's unnamed
3   mortgage broker are mere "labels and conclusions" that are
4   insufficient to withstand a motion to dismiss.  Plaintiff does
5   allege, however, that Bank of America is her loan originator and
6   current servicer of her loan.  Absent special circumstances,
7   therefore, Bank of America does not owe plaintiff a fiduciary
8   duty.  Plaintiff has not alleged any facts suggesting the
9   existence of special circumstances such that a fiduciary
10  relationship between herself and Bank of America was created, or
11  that Bank of America acted outside the scope of their
12  conventional role as a mere money lender. Therefore, plaintiff's
13  cause of action for breach of fiduciary duty fails.
14       F.   Civil Code Section 2923.5
15            Section 2923.5 of the California Civil Code provides
16  that a declaration shall be included in a notice of default
17  stating that "the mortgagee, beneficiary, or authorized agent . .
18  . has contacted the borrower . . . or tried with due diligence to
19  contact the borrower."  In support of this claim, plaintiff only
20  alleges that "defendants" failed to properly contact plaintiff
21  and give notice of the Notice of Default.  (FAC ¶¶ 76-77.)  The
22  FAC simply makes a general allegation as to two defendants.  This
23  general allegation gives Bank of America insufficient notice of
24  whether it has committed any conduct to violate section 2923.5,
25  and Bank of America should not be forced to guess whether they
26  are individually liable for this conduct.  See Associated Gen.
27  Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
28  459 U.S. 519, 526 (1983).

G.   <u>Wrongful Foreclosure</u>

Plaintiff's eighth claim asserts a wrongful foreclosure claim against "defendants" that is predicated on alleged fraud by defendants in obtaining the loan and violations of Sections 2923.5 and 2924 of the California Civil Code. (FAC ¶¶ 82-83.) Plaintiff alleges that the subject loan at issue was obtained due to fraud and material misrepresentations, and that as a result of such fraud, "there was no valid [residential mortgage loan] on the property and therefore, no possibility of default to give rise to a foreclosure by the Defendants." (FAC ¶ 82.) Plaintiff accordingly requests that the "foreclosure proceedings be stopped." <u>Id.</u> ¶ 81.

Preliminarily, plaintiff's cause of action fails because plaintiff does not allege any specific claim against any specific defendant. As such, plaintiff fails to place Bank of America on notice of the claim or claims being asserted against it. Even if plaintiff had properly alleged her claim as to Bank of America, however, the claim would still fail. As discussed above, plaintiff has failed to meet the heightened pleading standard of Rule 9(b) as to plaintiff's fraud allegations and has failed to allege a viable cause of action under California Civil Code section 2923.5.

Plaintiff also cites California Civil Code § 2924 for her wrongful foreclosure claim. According to plaintiff, the notice of default was defective. Section 2924 sets forth various requirements for notices of default, including that they contain:

> (A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument

12

```
        number, if applicable, where the mortgage or deed of
        trust is recorded or a description of the mortgaged or
        trust property;

        (B) A statement that a breach of the obligation for
        which the mortgage or transfer in trust is security has
        occurred.

        (C) A statement setting forth the nature of each breach
        actually known to the beneficiary and of his or her
        election to sell or cause to be sold the property to
        satisfy that obligation and any other obligation
        secured by the deed of trust or mortgage that is in
        default.
```

Cal. Civ. Code § 2924(a)(1)(A)-(C). Plaintiff does not allege a single fact that would support a finding that the notice under section 2924 was defective. Plaintiff merely asserts that "the amount stated as due and owing in the Notice of Default is incorrect for the following reasons: an incorrect interest rate adjustment, incorrect tax impound accounts, and misapplied payments." (FAC ¶ 84.) Notably absent from plaintiff's FAC is any statement that plaintiff did not breach her mortgage obligations. So successfully plead an action for wrongful foreclosure pursuant to section 2924, plaintiff must identify the specific subsection of section 2924 that defendants allegedly violated and must allege facts showing that the notice of default violated this provision.

      H.   <u>Breach of Loan Contracts</u>

        Bank of America moves to dismiss plaintiff's ninth cause of action for breach of contract. In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of

13

the breach." <u>CDF Firefighters v. Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008). Plaintiff vaguely alleges that she entered into "written agreements" with Bank of America, and that Bank of America subsequently breached its contracts by "failing to accurately credit homeowners' payments to their accounts, assessing and demanding substantial, unwarranted costs and fees under threat of foreclosure, and other behavior in breach of the contract." (FAC ¶ 93.) This allegation fails to allege any actions with respect to plaintiff or plaintiff's contract, and instead alleges a pattern of general behavior on the part of Bank of America. Therefore, this fails to allege a breach of plaintiff's contract with Bank of America.

Plaintiff further alleges that "defendants" violated the loan contract "by applying the extra payments to interest that was not legitimately owed by Plaintiff." <u>Id.</u> ¶ 94. This general allegation does not give Bank of America sufficient notice of whether it has committed any conduct that could serve as a basis for a breach of contract claim, and Bank of America should not be forced to guess whether they are individually liable for this conduct. <u>See</u> <u>Associated Gen. Contractors of Cal., Inc.</u>, 459 U.S. at 526. Even if plaintiff were to plead as to Bank of America specifically, plaintiff has not alleged sufficient facts to support a finding that Bank of America artificially inflated the value of plaintiff's home so to increase the amount of plaintiff's loan and monthly mortgage payments. Because this alleged inflation provides the basis for plaintiff's claim that plaintiff made mortgage payments in excess of the amount owed and that "defendants" improperly applied the

14

excess to interest rather than to principal, plaintiff fails to state a claim upon which relief can be granted.

Finally, plaintiff alleges that Bank of America failed to perform upon its "false promises" allegedly made to plaintiff by plaintiff's mortgage broker to induce plaintiff to enter into the mortgage loan agreement. (FAC ¶¶ 89, 92.) Because plaintiff does not allege that these representations are a part of her loan agreement with Bank of America, these allegations fail to state a cause of action for breach of contract.

I.  California Business & Professions Code Section 17200

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Communic'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Id. (citation omitted). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiff here alleges that "defendants" made untrue or misleading statements to plaintiff and caused such statements to be made by plaintiff's mortgage broker to plaintiff with the intent to induce her into entering into the mortgage loan agreement. (FAC ¶ 46.) Plaintiff's FAC provides a description

15

of such statements that "defendants" allegedly made.  Like many other of plaintiff's causes of action, these generalized allegations fail to sufficiently put Bank of America on notice as to whether it has committed any conduct that could serve as a basis for a section 17200 claim.  See <u>Associated Gen. Contractors of Cal., Inc.</u>, 459 U.S. at 526.  Furthermore, as explained above, plaintiff has not alleged facts to support the allegation that Bank of America was engaged in a conspiracy either with MERS or with plaintiff's unnamed mortgage broker.

Plaintiff further alleges that she paid significantly more than the fair market value of her home because of Bank of America's practice of giving mortgage loans to subprime borrowers and "fraudulently inflating the assessed values of properties." (FAC ¶ 47.)  As to the first allegation, plaintiff does not explain how granting loans to "subprime" borrowers is unlawful, unfair, or fraudulent.  While plaintiff alleges that subprime borrowers including plaintiff "were not actually qualified" for their loans, this allegation does not support the conclusion that it was somehow unlawful, unfair, or fraudulent for Bank of America to loan money to those borrowers.  The second allegation of fraudulently inflating the value of homes, as explained above, does not meet the pleading requirements of Federal Rule of Civil Procedure 8, or the heightened pleading standard for allegations of fraud under Rule 9(b).  Neither of these allegations, therefore, can survive a motion to dismiss.

Plaintiff also alleges that, as a result of Bank of America's lax lending standards and role in the alleged conspiracy to cause her mortgage broker to make misleading

statements, she was fraudulently induced into a loan that she could not actually afford. (FAC ¶ 47.) For the same reasons described above, this allegation fails to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

J.   Sanctions

If plaintiff's attorney could not draft a complaint that contained a single claim upon which relief could be granted, the very least he could have done was to comply with Local Rule 78-230(c) and told the court he had no opposition to the granting of defendants' motion. Instead, as he has done in at least one other court, he ignored the local rule and did nothing in response to the motion to dismiss his complaint.[4] Counsel's failure to comply with Local Rule 78-230(c) and timely file any response to Bank of America's motion to dismiss is inexcusable, and has put this already burdened court to the task of examining the merits of a motion that for all practical purposes was unopposed.

Local Rule 11-110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules." Therefore, the court will sanction plaintiff's counsel, Lawrence P. Ramirez, $200.00 payable to the Clerk of the Court within ten days from the date of this Order, unless he shows good cause for his failure to comply with the Local Rules.

---

[4] This is not the first time Mr. Ramirez has failed to comply with the equivalent of Local Rule 78-230(c). In <u>Fortaleza v. PNC Financial Services Group, Inc.</u>, Mr. Ramirez similarly failed to file any papers in response to a motion to dismiss. No. 09-2004, 2009 WL 2246212, at *1 (N.D. Cal. July 27, 2009). Such repeated disregard for the Local Rules should not go unsanctioned.

17

1        IT IS THEREFORE ORDERED that Bank of America's motion
2   to dismiss be, and the same hereby is, GRANTED as to Bank of
3   America.
4        IT IS FURTHER ORDERED that within ten days of this
5   Order Lawrence P. Ramirez shall either (1) pay sanctions of
6   $200.00 to the Clerk of the Court, or (2) submit a statement of
7   good cause explaining his failure to comply with Local Rule 78-
8   230(c).
9        Plaintiff is given 20 days from the date of this Order
10  to file an amended complaint consistent with this order.
11  DATED:  November 5, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE