UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NANSYVONG SOMSANITH, an individual, | NO. CIV. 09-1791 WBS DAD |
| Plaintiff, | |
| v. | ORDER RE: SANCTIONS |
| BANK OF AMERICA, N.A., a North Carolina Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |

----oo0oo----

In response to this court's November 5, 2009 Order, counsel for plaintiff submitted a declaration attempting to justify his noncompliance with the Local Rules by explaining that a short sale with the bank was being negotiated such that litigation would no longer be necessary, and that because of the pending short sale he "failed to timely file the opposition" and "inadvertently did not dismiss the matter prior to the opposition

1

due date, or the hearing date." (Docket No. 17.)

Mere inadvertence or negligence does not constitute good cause why the court should not impose sanctions.[1]  A district court has the authority under Federal Rule of Civil Procedure 16(f) to impose sanctions for even unintentional or negligent noncompliance with the court's pretrial orders.  <u>See, e.g.</u>, <u>Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.</u>, 275 F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions imposed on a party for unintentionally failing to attend a scheduled mediation due to an incapacitating headache); <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him"); <u>Mt. Shasta Title & Escrow Co. v. Pennbrook Homes</u>, No. 07-963, 2007 WL 4210478, at *2 (E.D. Cal. Nov. 28, 2007) (Burrell, J.) (sanctioning counsel $200 for mistakenly filing an inaccurate status report indicating that a party had been served); <u>see also</u> William W. Schwarzer et al., Practice Guide: Federal Civil Procedure Before Trial 15:81 (Nat'l ed. 2009) ("It need not be shown that the party to be sanctioned was acting recklessly or in bad faith. Negligent failure to comply with Rule 16 justifies imposition of appropriate sanctions.").

---

[1] This court noted in its November 5, 2009 Order that Mr. Ramirez has previously failed to comply with the equivalent of Local Rule 78-230(c) by failing to file any papers in response to a motion to dismiss. <u>See</u> <u>Fortaleza v. PNC Fin. Servs. Group, Inc.</u>, No. 09-2004, 2009 WL 2246212, at *1 (N.D. Cal. July 27, 2009).  Furthermore, counsel's inadvertence in this case resulted in the waste of this court's resources by examining the merits of and issuing an Order on defendant Bank of America's Motion to Dismiss.

1    Accordingly, counsel for plaintiff has failed to show
2 good cause why the court should not impose sanctions for the
3 failure to comply with Local Rule 78-230(c).  Further, because
4 counsel for plaintiff has explained that his failure to comply
5 with the Local Rule was the cause of plaintiff's noncompliance,
6 payment shall be borne by counsel rather than his client.
7    IT IS THEREFORE ORDERED that, within ten days of the
8 date of this Order, counsel for plaintiff shall send payment in
9 the amount of $200, as sanctions, to the Clerk of the Court.
10 DATED:  November 16, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE